IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STACY MATHEWS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FINANCIAL ASSET MANAGE- )<br>MENT SERVICES, )<br>)<br>Defendant. ) | CIVIL ACTION FILE<br><br>NO. _____ |

## COMPLAINT FOR DAMAGES AND
## DEMAND FOR JURY TRIAL

### INTRODUCTION

1.

This is an action for actual and statutory damages brought by an individual

consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692, *et seq.* (hereinafter "FDCPA")

### JURISDICTION AND VENUE

2.

Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331, 15

U.S.C. § 1692k(d) and/or 28 U.S.C. § 1337.

3.

Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here and the Defendant regularly transacts business here.

## PARTIES

4.

Plaintiff Stacy Mathews (hereinafter "Plaintiff") is a natural person residing in Fulton County, Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.

Defendant Financial Asset Management Services (hereinafter "Defendant") is a third-party debt collection agency with its principal place of business in Tucker, Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant may be served through its registered agent for service of process, Melanie Norvell, 200 Ashford Center North, Suite 500, Atlanta, Georgia, 30338.

6.

That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect a debt allegedly owed to another.

7.

The acts of the Defendant alleged hereinafter were performed by employees
of Defendant acting within the scope of their actual or apparent authority.

## FACTUAL ALLEGATIONS

8.

Plaintiff incurred a debt (hereinafter referred to as "the Subject Debt").

9.

The Subject Debt was an obligation to pay money arising out of a
transaction in which the money or services which were the subject of the
transaction were primarily for personal, family or household purposes.

10.

The Subject Debt was a "debt" as that term is defined by 15 U.S.C.
§ 1692a(5).

11.

Plaintiff allegedly defaulted on the Subject Debt.

12.

Upon information and belief, Defendant was engaged by the creditor to
attempt to collect the Subject Debt from Plaintiff.

13.

At some point thereafter, and within the one-year statute of limitation imposed by the FDCPA, Defendant's employees began calling Plaintiff attempting to collect the above-referenced Subject Debt.

14.

At some point during attempts to reach Plaintiff, Defendant's employees disclosed the existence of Plaintiff's debt to her mother.

15.

Plaintiff felt harassed and intimidated by Defendant's employees and believes that the calls from Defendant's employees were designed to harass, oppress and abuse her.

16.

All telephone calls made to Plaintiff by Defendant's employees were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17.

The disclosures of the existence of Plaintiff's debt have invaded her privacy and caused humiliation, emotional distress and embarrassment to Plaintiff.

4

## CAUSE OF ACTION

### 18.

Plaintiff repeats, realleges and incorporates by reference paragraphs 1through 17 above as if fully set forth herein.

### 19.

Plaintiff alleges that Defendant violated multiple provisions of the FDCPA, including but not limited to: 15 U.S.C. § 1692b(6); 15 U.S.C. § 1692c(b); 15 U.S.C. § 1692c(b); 15 U.S.C. § 1692e(5)(10), by reason of its conduct, statements and representations described in this Complaint.

### 20.

As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages, emotional distress and is entitled to an award of statutory damages, costs and his attorney's fees.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

d) Such other and further relief as may be just and proper.

5

**A JURY TRIAL IS DEMANDED.**

This 10th day of May, 2011.

/s/ John C. Forbes, Jr.
JOHN C. FORBES, JR.
Georgia Bar No. 267709

Attorney for Plaintiff

THE LAW OFFICES OF MARK A. CAREY, P.C.
925-B Peachtree Street, N. E.
#307
Atlanta, Georgia  30309-9910
(678) 341-5550